UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE LEA KING, | No. 2:20-cv-2178 DB |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the Court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge's decision is constitutionally defective, and that the Administrative Law Judge's treatment of the medical opinion evidence, plaintiff's testimony, residual functional capacity determination, and step five finding were erroneous.

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 10.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

On June 13, 2018, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on April 15, 2018. (Transcript ("Tr.") at 15, 309-21.) Plaintiff's alleged impairments included lumbar and cervical degenerative disc disease, obesity, diabetes, carpal tunnel syndrome, anxiety, depression, osteoarthritis, neuropathy, and chronic pain. (Id. at 171.) Plaintiff's applications were denied initially, (id. at 224-28), and upon reconsideration. (Id. at 233-37.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on March 24, 2020. (Id. at 37-87.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 38-40.) In a decision issued on April 14, 2020, the ALJ found that plaintiff was not disabled. (Id. at 32.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.
>
> 2. The claimant has not engaged in substantial gainful activity since April 15, 2018, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: lumbar degenerative disk disease, cervical spine degenerative disk disease, obesity, diabetes mellitus, bilateral carpal tunnel syndrome status post release surgeries (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can frequently climb ramps and stairs, stoop, kneel, crouch, or crawl. She can never climb ladders, ropes, or scaffolds. She must avoid concentrated exposure to hazards.

> 6. The claimant is capable of performing past relevant work as a receptionist. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from April 15, 2018, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Id. at 18-31.)

On September 2, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's April 14, 2020 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 29, 2020. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

////

3

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following six principal claims: (1) the ALJ erred at step two of the sequential evaluation; (2) the ALJ improperly rejected plaintiff's testimony; (3) the ALJ's treatment of the medical opinion evidence constituted error; (4) the ALJ's residual functional capacity determination was erroneous; (5) the ALJ erred at step five of the sequential evaluation; and (6) the ALJ's decision is constitutionally defective.[3] (Pl.'s MSJ (ECF No. 19) at 13-26.[4])

**I.    Step Two Error**

Plaintiff argues that the ALJ erred at step two of the sequential evaluation by failing to find that several of plaintiff's impairments were severe. (Pl.'s MSJ (ECF No. 16) at 17-23.) Review of the ALJ's decision finds that the ALJ erred with respect to at least two of plaintiff's impairments.

---

[3] The Court has reordered plaintiff's claims for purposes of clarity and efficiency.

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41).  The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a).  Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include:  (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S. at 153.  However, the regulation must not be used to prematurely disqualify a claimant.  Id. at 158 (O'Connor, J., concurring).  "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted).

"[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results").  "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis

standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

Here, the ALJ found that plaintiff's "medically determinable mental impairments of depression and anxiety considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities[.]" (Tr. at 22.) The ALJ's own decision, however, is replete with support for the severity of plaintiff's mental impairment.

In this regard, the ALJ acknowledged that plaintiff was being treated with counseling and psychotropic medications for mental impairments. (Id. at 21.) At times she experienced nightmares, broken sleep, and displayed depression and anxiety. (Id.) On some occasions she experienced "psychotic symptoms, i.e. hearing muffled voices," and "was diagnosed with major depressive disorder, recurrent severe with psychosis as well as generalized panic disorder." (Id. at 22.)

The ALJ also acknowledged that plaintiff complained of shoulder pain and that "imaging in October 2019 showed moderate degenerative changes[.]" (Id. at 19.) The ALJ, nonetheless, concluded that there was "little evidence this impairment considered singly or in combination with other impairments significantly limits the claimant's ability to perform basic work activities[.]" (Id.)

As noted above, the ALJ's conclusion that the claimant lacks a medically severe impairment or combination of impairments is valid only when that conclusion is "clearly established by medical evidence." Webb, 433 F.3d at 687. On this record, the court cannot say that it was clearly established by the medical evidence that these impairments were not severe impairments during the period at issue. See Ortiz v. Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th Cir. 2011) ("This is not the total absence of objective evidence of severe medical impairment that would permit us to affirm a finding of no disability at step two."); Webb, 433 F.3d at 687 ("Although the medical record paints an incomplete picture of Webb's overall health during the relevant period, it includes evidence of problems sufficient to pass the de minimis threshold of step two."); Russell v. Colvin, 9 F.Supp.3d 1168, 1186-87 (D. Or. 2014)

("On review, the court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Ms. Russell did not have a medically severe impairment or combination of impairments."); cf. Ukolov, 420 F.3d at 1006 ("Because none of the medical opinions included a finding of impairment, a diagnosis, or objective test results, Ukolov failed to meet his burden of establishing disability.").

Accordingly, the court finds that plaintiff is entitled to summary judgment on the claim that the ALJ erred at step two of the sequential evaluation. See Tadesse v. Kijakazi, 2021 WL 5600149, at *1 (9th Cir. 2021) ("ALJ erred by finding that Tadesse's depression was nonsevere at step two").

## II.    Plaintiff's Subjective Testimony

Plaintiff also challenges the ALJ's treatment of plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 16) at 30-32.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[5] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, without clearly articulating plaintiff's testimony, the ALJ stated simply that plaintiff's "medically determinable impairments could cause the alleged symptoms," but that plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."[6]  (Id.)

---

[5] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect.  "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

[6] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" before "identify[ing] what parts of the claimant's testimony were not credible and why." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014).  "The use of this generic language is not itself reversible error . . . but it inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the claimant's RFC.  By rejecting a claimant's subjective symptoms 'to the extent they are inconsistent with the above residual functional capacity assessment,' the agency indicates that it is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as it is required to do." Trevizo, 871 F.3d at 679 n.6.

1   However, "after a claimant produces objective medical evidence of an underlying
2   impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of
3   medical evidence to fully corroborate the alleged severity" of the symptoms.  Burch v. Barnhart,
4   400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir.
5   2010) ("Putz need not present objective medical evidence to demonstrate the severity of her
6   fatigue."); Perez v. Astrue, 247 Fed. Appx. 931, 936 (9th Cir. 2007) ("That the degree of Perez's
7   subjective complaints were not corroborated by the objective clinical findings in the ALJ's view
8   was of no legal moment because pain is inherently an individual phenomenon."); Bunnell v.
9   Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability
10  simply because a claimant fails to produce medical evidence supporting the severity of the pain,
11  there would be no reason for an adjudicator to consider anything other than medical findings.").

12  Moreover, after making this vague, conclusory, and boilerplate finding the ALJ simply
13  proceeded to recount at length the medical evidence of record.  How that evidence calls into
14  question plaintiff's credibility is not explained.  After several pages, the ALJ simply concluded by
15  restating the finding that plaintiff's "statements about the intensity, persistence, and limiting
16  effects of her symptoms [where] inconsistent with the medical evidence of record."  (Tr. at 30.)

17  In this regard, the ALJ failed to provide a clear and convincing reason for rejecting
18  plaintiff's testimony.  See Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) ("Our
19  review of the ALJ's written decision reveals that she did not specifically identify any such
20  inconsistencies; she simply stated her non-credibility conclusion and then summarized the
21  medical evidence supporting her RFC determination.  This is not the sort of explanation or the
22  kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so
23  that we may ensure that the claimant's testimony was not arbitrarily discredited."); Treichler, 775
24  F.3d at 1103 ("An ALJ's 'vague allegation' that a claimant's testimony 'is not consistent with the
25  objective medical evidence,' without any 'specific findings in support' of that conclusion is
26  insufficient for our review."); Christine G. v. Saul, 402 F.Supp.3d 913, 925 (C.D. Cal. 2019) ("the
27  ////
28  ////

ALJ did not identify the testimony she was discounting and 'link that testimony to the particular parts of the record' supporting her determination").

Plaintiff, therefore, is also entitled to summary judgment on this claim.

# CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[7] Trevizo, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, given the nature of the ALJ's errors, the Court cannot say that further proceedings would serve no useful purpose. This matter, therefore, will be remanded.

---

[7] Having already identified errors requiring remand—and finding that this matter should be remanded for further proceedings—the Court finds it unnecessary to reach plaintiff's remaining claims of error. See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff's remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 19) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: September 16, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\king2178.ord